Mishcon de Reya
NEW YORK LLP

156 Fifth Avenue, Suite 904
New York, NY 10010

March 21, 2019

Direct Tel:  212 257-4455
Direct Fax:  212-612-3297
E-mail:  robert.whitman@mishcon.com

<u>Via CM/ECF</u>
Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

     Re:    *Caiola v. Maisonneuve, et al.*, No. 1:18-cv-11646-NRB

Dear Judge Buchwald:

     This firm represents plaintiff Benedict Caiola in the above captioned matter. We write in response to defendants' March 19, 2019 letter. Defense counsel has not accurately conveyed facts to Your Honor and improperly, and baselessly, requested the Court strike Plaintiff's complaint in favor of a compulsory counterclaim to an action that has yet to be accepted and docketed by the Court. Counsel has continued a pattern of improper conduct begun in the now defunct New Jersey action, behavior designed to delay adjudication of the claims and drive up Mr. Caiola's costs in defending and prosecuting the respective actions.

### **Ms. Maisonneuve and her counsel have caused unreasonable delay.**

     Mr. Caiola invested tens of thousands of dollars developing and selling *A Girl Raised By Wolves* pursuant to an Investor Agreement with Defendant Ms. Maisonneuve. It is undisputed that Ms. Maisonneuve received the investment but subsequently refused to repay Mr. Caiola. In June 2018, to avoid her repayment obligations, Ms. Maisonneuve and her counsel filed a pretextual New Jersey state court civil action accusing Mr. Caiola of breaches relating to that Investor Agreement.

     Ms. Maisonneuve filed her complaint in a New Jersey state court – three different times – knowing that New Jersey was an improper forum because the Investor Agreement contains an express forum selection clause designating New York as the forum for all disputes arising under that agreement. On August 10, 2018, Ms. Maisonneuve amended her New Jersey state complaint to add federal copyright claims under the U.S. Copyright Act. On August 24, 2018, Ms. Maisonneuve filed a second amended complaint to revise her allegations but did not revise or withdraw either of her copyright claims.

     Ms. Maisonneuve ignored well-settled law providing federal courts with exclusive jurisdiction over copyright claims just as she ignored the forum selection clause in the Investor

Switchboard:  +1 212 612 3270    New York:  Mishcon de Reya New York LLP    A list of partners is available for
Main Fax:       +1 212 612 3297    London:    Mishcon de Reya Solicitors        inspection at the above address

Agreement requiring all disputes to be resolved in New York.  Ms. Maisonneuve intended to harass Mr. Caiola and cause him to incur unnecessary additional legal costs.  Consequently, Mr. Caiola was forced to remove the case to the United States District Court for the District of New Jersey and seek transfer to this Court in light of the written forum selection clause.  As a result Mr. Caiola could not file counterclaims in New Jersey.

On December 13, 2018, Mr. Caiola filed the instant action in this Court after he was granted and received three separate copyright registrations, in accordance with the Investor Agreement's forum section clause providing for the courts in Manhattan to adjudicate any dispute related to the subject matter of that agreement.  Mr. Caiola's complaint alleges claims of copyright infringement against defendants Maisonneuve, Tropeano and MTL Communication Group (none of which were at issue in Ms. Maisonneuve's New Jersey action), breach of the Investor Agreement and implied covenant of good faith and fair dealing against defendant Maisonneuve (asserting provisions entirely different than those asserted by Maisonneuve in New Jersey), and breach of a public relations agreement and implied covenant of good faith and fair dealing against defendants Tropeano and MTL Communications (who were not parties in Ms. Maisonneuve's New Jersey action).

On January 10, 2019, *one day* before the deadline for Ms. Maisonneuve to file an answer to Mr. Caiola's complaint, Ms. Maisonneuve, moved for a stay in this action pending resolution of the action in New Jersey District Court.  The Court granted the stay on January 14, 2019.  Upon the Court lifting the stay, Ms. Maisonneuve will have only one day to file her response to the complaint in this action.  As such, Ms. Maisonneuve's counsel submitted his letter request in a transparent attempt to further delay, and, indeed, avoid responding to the Complaint.

After removal of Ms. Maisonneuve's case to New Jersey federal court, Ms. Maisonneuve, in blatant disregard of long standing precedent, *see, e.g. Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 59 (2013), (forum selection clauses are given controlling weight), refused to consent to transfer the case to New York as mandated by the forum selection clause in the Investor Agreement.  This action again forced Mr. Caiola to expend considerable costs to enforce his rights under the Investor Agreement.  Defense counsel's only argument to avoid transfer was based on claims that New Jersey "public policy" precluded enforcement of the expressly negotiated forum selection clause.  The Hon. Michael Vazquez rejected that argument, for which Ms. Maisonneuve "[did] not provide[] any authority," and noted that Ms. Maisonneuve would have had to show strong *federal* public policy considerations to invalidate the forum selection clause, which she failed to do.  *See* March 15, 2019 Opinion and Order at pp. 5-7.

Ultimately, defendants' gamesmanship caused any unreasonable delays in the adjudication of these cases.  Even in his current letter to the Court, defense counsel uses inflammatory hyperbole to describe Ms. Maisonneuve's New Jersey claims.  As but one example, Ms. Maisonneuve's counsel clearly cannot be referencing the legal definition for embezzlement, a fact of which he must be aware considering that not one fo the complaints filed in the New Jersey actions asserted a cause of action for embezzlement.  Indeed, Ms.



Maisonneuve could never assert this claim as Mr. Caiola merely seeks the return of the money he alone invested in the project, and not any money spent on personal expenses.

### Mr. Caiola's claims are not compulsory counterclaims.

To avoid responding to Mr. Caiola's complaint, defendants' counsel now asserts, without citation to any legal authority, that the actions should be consolidated because Mr. Caiola's claims are compulsory counterclaims to Ms. Maisonneuve's now-defunct New Jersey complaint. As a threshold issue, Ms. Maisonneuve asserted copyright claims in her New Jersey amended and second amended complaints despite the fact that the Copyright Office did not grant her copyright registration until after August 28, 2018, i.e., *after* she filed her complaints. As such, Ms. Maisonneuve's New Jersey copyright claims improperly pre-dated her copyright registration and, therefore, failed to state a claim under the Copyright Act. See **Exhibit A**, *Fourth Estate Public Benefit Corp. v. Street.com, LLC*, 586 U.S. _____, at p. 12 (March 4, 2019) (holding that "'registration . . . has been made' within the meaning of 17 U. S. C. §411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application"). Since Ms. Maisonneuve's copyright allegations are improper, and form the only basis for federal jurisdiction, her entire action must be dismissed.

Second, contrary to defense counsel's conclusory assertion that the dispute arises out of the Investor Agreement, Mr. Caiola's claims in the instant action do not arise out of the same transaction or occurrence sufficient to make them compulsory counterclaims as required by Fed. R. Civ. Pro. 13. Mr. Caiola's claims do not:

1) Involve the same parties. Defendants Tropeano and MTL Communications are not parties in Ms. Maisonneuve's action.

2) Arise from the same issues of fact or law as Ms. Maisonneuve's claims. Mr. Caiola's complaint alleges claims of copyright infringement against defendants (claims that were not at issue in Ms. Maisonneuve's New Jersey action), breach of the Investor Agreement and implied covenant of good faith and fair dealing against Ms. Maisonneuve (asserting provisions entirely different than those asserted by Ms. Maisonneuve in New Jersey), and breach of a public relations agreement and implied covenant of good faith and fair dealing against defendants Tropeano and MTL Communications (who were not parties in Ms. Maisonneuve's New Jersey action).

In these premises, Mr. Caiola's claims do not all arise from the "same transaction or occurrence" such that *res judicata* would be found to apply if they were not asserted in Ms. Maisonneuve's action and, therefore, cannot be considered compulsory counterclaims. See generally *Hercules Inc. v. Dynamic Exp. Corp.*, 71 F.R.D. 101, 108 (S.D.N.Y. 1976) (factors determining compulsory counterclaims include 1) whether facts or law raised are largely the same, 2) whether evidence is the same, 3) if a logical relation between the claim and counterclaim exists, and 4) whether *res judicata* would bar a subsequent suit if the counterclaim is not pled).



Third, it would be illogical to dismiss Mr. Caiola's properly filed complaint in this Court and subordinate it to counterclaims in Ms. Maisonneuve defunct New Jersey complaint. Indeed, Ms. Maisonneuve's complaint is yet to have been accepted and docketed by this Court or assigned to Your Honor. Ms. Maisonneuve's choice to harass Mr. Caiola by improperly filing her complaint three times in a New Jersey state court and then refusing to transfer venue to a New York federal court has resulted in Mr. Caiola's instant complaint being first filed in this court. No precedent requires that a first filed complaint be treated as a compulsory counterclaim to a second filed complaint. Moreover, Mr. Caiola's action has been first filed in good faith. Mr. Caiola received his copyright registrations on November 28, 2018, and subsequently filed this action on December 13, 2108. Mr. Caiola properly sought relief only after the registration of his copyrights as required by 17 U.S.C. § 411(a). *Fourth Estate Public Benefit Corp.*, 586 U.S. \_\_\_\_\_, at p. 12.

### Rule 2(B) Notice Requesting Pre-Motion Conference Regarding Mr. Caiola's Intended Motion to Dismiss.

Although the District of New Jersey ordered the transfer of Ms. Maisonneuve's action to this Court, it has yet to be accepted, docketed and assigned to a Judge in this District. However, as soon as the action is assigned, Mr. Caiola intends to move to dismiss Ms. Maisonneuve's copyright claims for failure to state a claim, and under 28 U.S.C. § 1367(c)(3) to dismiss all of the remaining supplementary state law causes of action. As discussed *supra*, Ms. Maisonneuve filed her copyright claims (in New Jersey state court) before her copyright was registered. Accordingly, her action must be dismissed. *See* 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright…shall be instituted until preregistration or registration of the copyright claim has been made…"); *Fourth Estate Public Benefit Corp.*, 586 U.S. \_\_\_\_\_, at p. 12. If Your Honor is assigned to Ms. Maisonneuve's transferred New Jersey action, Mr. Caiola respectfully requests that this letter serve as notice under Rule 2(B) of your individual rules to request a pre-motion conference on Mr. Caiola's motion to dismiss.

Sincerely,

*/s/ Robert A. Whitman*

Robert A. Whitman

cc: Ryan J. Cooper, Esq.
Vincent Filardo, Jr., Esq.